UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA WAWRZASZEK and TINA ROBISON, individually and on behalf of the Class, and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | CASE NO.:<br><br>JURY TRIAL DEMANDED |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Linda Wawrzaszek and Tina Robison on behalf of themselves and all others similarly situated, and on behalf of the members of the proposed Illinois Rule 23 classes, by and through their attorneys, for their Class and Collective Action Complaint against Cellco Partnership, d/b/a Verizon Wireless ("Defendant"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This case is about Defendant's systematic failure to pay its employees for all their time worked, including earned regular and overtime pay, in accordance with state and federal law. Plaintiffs, the Classes and the similarly situated employees worked for Defendant as call center employees providing customer service or support to Defendant's customers while working in Defendant's Illinois call center(s).

2. Plaintiffs Linda Wawrzasek and Tina Robison, as class representatives (the "Class Representatives") bring this lawsuit under the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*

("IWPCA"), for Defendant's failure to pay them and other similarly situated persons for all time worked, including all earned regular and overtime wages.

3. Plaintiffs, Linda Wawrzasek and Tina Robison, also bring claims for overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for Defendant's failure to pay them, and those similarly situated, overtime wages.

4. Plaintiffs and those similarly situated customarily and regularly worked for Defendant in excess of forty (40) hours per week.

5. Defendant knowingly required Plaintiffs and similarly situated employees to perform unpaid work before and/or after their shifts. This work included, but was not limited to, time spent booting-up and shutting down computers, initializing and closing down software programs and reviewing work-related emails and intranet messages.

6. Plaintiffs' consent forms to join this action are attached as Exhibit A. In addition, to date, four other Plaintiffs have also consented to bring overtime claims against Defendant by filing their consent forms with this Court, attached as Exhibit B. As this case proceeds, it is likely that other individuals will also sign consent forms and join this action as opt-in plaintiffs.

## THE PARTIES

7. Plaintiff Linda Wawrzasek is a resident of Illinois and worked for Defendant as an internet response team representative at Defendant's call center located in Elgin, Illinois. Plaintiff Wawrzasek was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS § 105/3 and the IWPCA, 820 ILCS § 115/2.

8. Plaintiff Tina Robison is a resident of Illinois and worked for Defendant as a technical support representative at Defendant's call center located in Elgin, Illinois. Plaintiff

Robinson was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS § 105/3 and the IWPCA, 820 ILCS § 115/2.

9. Defendant Cellco Partnership is a New Jersey corporation engaged in interstate commerce. It does business as Verizon Wireless, and is engaged in the wireless telephone communication business. It maintains call centers throughout the country, including a call center in Elgin, Illinois.

10. Defendant Cellco Partnership is an employer as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3 and the IWPCA, 820 ILCA § 115/2. Defendant Cellco Partnership suffers and permits Plaintiffs, the Classes, and those similarly situated to work on its behalf.

## JURISDICTION AND VENUE

11. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* Therefore, the Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

12. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims, as Plaintiffs' state and federal claims derive from a common nucleus of operative fact.

13. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because Defendant regularly conducts business within this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiffs, the Classes, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

15. During the statutory period, Plaintiffs, the Classes and similarly situated individuals worked for Defendant in customer service and support positions at Defendant's Illinois call center(s). They held job titles such as, internet response team representative, customer service representative, technical support representative and other similar titles.

16. Defendant required Plaintiffs, the Classes and similarly situated individuals to perform unpaid work before and/or after their scheduled shifts. This work included, but was not limited to, time spent booting-up and shutting down computers, initializing and closing down software programs and reviewing work-related emails and intranet messages.

17. Defendant was aware, or should have been aware, that Plaintiffs, the Classes and those similarly situated performed work that required payment of wages but was not paid. Defendant expected them to arrive before their scheduled shifts to perform work in order to be ready to provide customer service when their scheduled shifts began and to close out of their systems after their scheduled shift ended. If Plaintiffs, the Classes and the similarly situated individuals were not ready and available to provide customer service at the start of their scheduled shift, their performance scores could be adversely affected.

18. Even though Defendant required Plaintiffs to perform additional responsibilities prior to and/or after their scheduled shifts, Defendant did not pay them for this time worked. Defendant did not have a process or procedure in place whereby Plaintiffs, the Classes and similarly situated individuals could recover this time spent working.

4

19. Defendant was further aware that it was not compensating Plaintiff, the Classes and similarly situated individuals for all of their time worked because some of them complained to management about it. Moreover, Defendant has been subject to several lawsuits for similar uncompensated work activities.

20. Upon information and belief, the amount of uncompensated time Plaintiffs, the Classes and similarly situated individuals spend or have spent on these required and unpaid work activities amounts to an average of between ten and twenty minutes per day per person. This resulted in Plaintiffs, the Classes and similarly situated individuals regularly working in excess of forty (40) hours per workweek without receiving pay for all their time worked.

21. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"). As a result of these unlawful practices, Plaintiffs suffered a loss of wages.

22. In addition, Defendant's conduct was a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a) and a willful violation of state law.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs, the Classes, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

24. With respect to the claims under the IMWL, 820 ILCS. § 105/1 *et seq.*, the Class Representatives seek to represent a class that is composed of and defined as follows:

> **All persons Defendant employed in Illinois as hourly call center employees providing customer service or support at any time during the applicable three year statute of limitations (herein the "IMWL Class").**

5

25. With respect to claims under the IWPCA, 820 ILCS § 115/1 *et seq.*, the Class Representatives seek to represent a class that is composed of and defined as follows:

> **All persons Defendant employed in Illinois as hourly call center employees providing customer service or support via the telephone or internet at any time during the applicable statute of limitations (herein the "IWPCA Class).**

26. This action is brought pursuant to Fed. R. Civ. P. 23 because the Classes are so numerous that joinder of all Class Members is impracticable. While the precise number of Class Members has not been determined at this time, upon information and belief, Defendant employs several hundred individuals at any given time who satisfy the Class definitions.

27. The Class Representatives and the Class Members from the IWPCA and IMWL have been equally affected by Defendant's violations of law.

28. The issues involved in this lawsuit present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the classes, if any. These common questions of law and fact include, without limitation:

> a) Whether Defendant unlawfully failed to pay Plaintiffs and the IMWL Class overtime compensation in violation of the IMWL, 820 ILCS § 105/1 *et seq.*
>
> b) Whether Defendant unlawfully failed to pay Plaintiffs and the IWCPA Class for all of their earned wages, at the rates agreed to by the parties, in violation of 820 ILCS § 115/1 *et seq.*
>
> c) Whether Defendant failed to keep accurate time records for all hours worked by the Class Representatives and the Class Members;
>
> d) Whether Defendant's conduct was willful; and

e) The proper measure of damages sustained by the Class Representatives and the Class Members.

29. Plaintiffs' claims are typical of those of the members of the Rule 23 Classes. Plaintiffs, like the other members of the Rule 23 Classes, were subject to Defendant's policies and practices that resulted in a failure to compensate at the applicable rates and overtime rates pursuant to Illinois law.

30. Plaintiffs and the Class Members have sustained similar injuries as a result of Defendant's actions—they were all denied pay for time worked, including overtime pay, in violation of Illinois law.

31. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Classes, and have retained counsel experienced in complex wage and hour class and collective action litigation.

32. This action is properly maintainable as a class action under Fed. R. Civ. P. 23 because questions of law and fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

33. Plaintiffs, the Classes, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

34. Plaintiffs and the similarly situated individuals worked for Defendant in customer service and support positions at Defendant's Illinois call center(s). They held job titles such as, internet response team representative, customer service representative, technical support representatives and other similar titles, and were not paid for some or all of their work activities.

35. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as opt-in plaintiffs.

36. Plaintiffs and the similarly situated individuals are similar because their duties consisted primarily of providing customer service or support by telephone or internet while working in Defendant's Illinois call centers. They are also similar because Defendant did not pay them for some or all of the time worked that occurred before and/or after the scheduled shift.

37. As alleged above, Plaintiffs and those similarly situated routinely worked over forty (40) hours in a workweek and were not compensated at the applicable overtime rates.

38. Plaintiffs seek to have certified a collective action consisting of the following:

> **All persons Defendant employed in Illinois as hourly call center employees providing customer service or support at any time during the applicable three year statute of limitations ("the FLSA Collective").**

39. Plaintiffs and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.* and have caused significant damage to them.

40. Defendant is aware that Plaintiffs and those similarly situated work(ed) under

these conditions, and yet Defendant still denied them overtime compensation.

41. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

42. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and those similarly situated.

43. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
### Violation of the Illinois Minimum Wage Law ("IMWL")
### (Class Action)

44. Plaintiffs, the Classes, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

45. This count arises from the violation of the IMWL, 820 ILCS § 105/1 *et seq.*, for Defendant's failure to pay Plaintiffs and the IMWL Class overtime pay for all time worked in excess of forty (40) hours in individual workweeks.

46. Plaintiffs and the IMWL Class are employees within the meaning of 820 ILCS § 105/3, and entitled to pay at a rate of one and one-half their regular rate pursuant to the IMWL for all hours worked in excess of forty (40) per workweek pursuant to 820 ILCS § 105/4(a).

47. Defendant was an employer of Plaintiffs and the IMWL Class within the meaning of 820 ILCS § 105/3.

48. Plaintiffs, and on information and belief, the IMWL Class routinely work(ed) in excess of forty (40) hours per week, but did not receive compensation from Defendant at the overtime rate.

49. In denying overtime compensation, Defendant violated the IMWL.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the IMWL Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the IMWL Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim. Plaintiffs and the IMWL Class are also entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of underpayments pursuant to 820 ILCS § 105/12(a).

**WHEREFORE**, Plaintiffs, the Class Representatives, and the Class Members pray for a judgment against Defendant, as follows:

A. A determination that this action may be maintained as a class action, appointing Plaintiffs as Class Representatives and their counsel as Class Counsel;

B. Judgment that Defendant violated the overtime provisions of the IMWL;

C. Judgment against Defendant in the amount of one and one-half times the regular rate for all time Plaintiffs and the IMWL Class worked in excess of forty (40) hours per week;

D. Prejudgment interest on the back wages in accordance with 815 ILCS § 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

E. An award of costs and reasonable attorneys' fees incurred in prosecuting this claim to the extent allowed by Illinois state law;

F. Leave to amend this Complaint to add relevant claims and plaintiffs; and

G. Such other and further relief as this Court deems appropriate and just.

## **COUNT II**
### Violation of the Illinois Wage Payment and Collection Act ("IWPCA")
### (Class Action)

51. Plaintiffs, the Classes, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

52. This count arises under the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for Defendant's failure and refusal to pay Plaintiffs and the IWCPA Class for all of their earned wages at the rates agreed to by the parties.

53. Plaintiffs and the IWPCA Class are employees within the meaning of 820 ILCS § 115/2.

54. Defendant was an employer of Plaintiffs and the IWPCA Class within the meaning of 820 ILCS § 115/2.

55. During the course of their employment with Defendant, Plaintiffs, and upon information and belief, the IWPCA Class were not compensated for all time worked in certain workweeks.

56. Defendant's failure to pay Plaintiffs and the IWCPA Class for all earned wages at the rates agreed upon by the parties violated the IWPCA.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the IWPCA Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the IWPCA Class are also entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of underpayments pursuant to 820 ILCS § 115/14.

58. Plaintiffs represent certain current and former employees of Defendant who have not been paid for all of their time worked at the rates agreed upon by the parties within the applicable statute of limitations.

11

**WHEREFORE**, Plaintiffs, the Class Representatives, and the Class Members pray for a judgment against Defendant, as follows:

A. A determination that this action may be maintained as a class action, appointing Plaintiffs as Class Representatives and their counsel as Class Counsel;

B. Judgment that Defendant violated the IWPCA;

C. Judgment against Defendant in an amount equal to Plaintiffs' and the IWCPA Class's unpaid back wages at the applicable rates;

D. Prejudgment interest on the back wages in accordance with 815 ILCS § 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS § 115/14;

E. An award of all costs and reasonable attorneys' fees incurred in prosecuting this claim to the extent allowed by Illinois state law;

F. Leave to amend this Complaint to add relevant claims and plaintiffs; and

G. For such further legal and equitable relief as the Court deems just and equitable.

## COUNT III
### Violation of the Fair Labor Standards Act ("FLSA")
### (Collective Action)

59. Plaintiffs and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

60. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

61. Plaintiffs and those similarly situated are employees within the meaning of 29 U.S.C. § 203(e) and entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

62. Defendant was an employer of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), and was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s).

63. Plaintiffs and those similarly situated routinely work(ed) in excess of forty (40) hours per week, but did not receive the appropriate compensation from Defendant.

64. In denying overtime compensation, Defendant violated the FLSA.

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

66. Defendant also violated the FLSA by failing to accurately record, report and/or preserve records of hours worked by Plaintiffs and those similarly situated, thus failing to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practices of employment.

67. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and those similarly situated have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

68. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals for overtime hours worked.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

- A. Certification of a collective class of individuals for Count III who Defendant employed in Illinois as hourly call center employees providing customer service or support at any time during the applicable three year statute of limitations;

- B. Judgment against Defendant for an amount equal to Plaintiffs' and similarly situated individuals' unpaid back wages at the applicable overtime rate;

- C. An equal amount to the unpaid back wages as liquidated damages;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded);

E. Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

F. Leave to amend to add claims under applicable state law;

G. Costs and attorneys' fees to the extent allowed by law; and

H. Such further relief as the Court deems just and equitable.

Dated: March 22, 2012

s/Douglas M. Werman
WERMAN LAW OFFICE, P.C.
Douglas M. Werman – dwerman@flsalaw.com
77 W. Washington, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Fax: (312) 419-1025

NICHOLS KASTER, PLLP
Michele R. Fisher* - mfisher@nka.com
Reena I. Desai* - rdesai@nka.com
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
*pro hac vice admission forthcoming

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASSES